**In Re: RECANVASS OF CERTAIN VOTING MACHINES AND ABSENTEE BALLOTS FOR the DEMOCRATIC PRIMARY ELECTION FOR CANDIDATES FOR COUNSEL FOR the CITY OF MONESSEN, Westmoreland County, Pennsylvania, held on May 17, 2005.**

**Appeal of: William C. Evancho, Rose Mowl, Hilda Troth, and John J. Harhai.**

**In Re: Election of Democratic Nominees for City Councilman for the City of Monessen May 17, 2005.**

Commonwealth Court of Pennsylvania.

Heard Sept. 19, 2005.

Decided Sept. 30, 2005.

Publication Ordered Nov. 22, 2005.

Peter M. Suwak, Washington, for appellants.

Megan A. Kerns, Monessen, for appellee, City of Monessen.

OPINION BY Senior Judge FLAHERTY.

Three qualified electors (Evancho, Mowl and Troth) and Council candidate John J. Harhai (Appellants) appeal from a decision of the Court of Common Pleas of Westmoreland County which vacated its prior order which had provided for a recanvassing of votes in the City of Monessen. Appellants also appeal from an order of the trial court denying their Petition for Election Contest Nunc Pro Tunc.

On June 9, 2005 a petition to recanvass was filed on behalf of City Council candidate John J. Harhai and 39 qualified electors, all of which were represented by attorney Thomas L. Jones. By order dated June 22, 2005, a recanvass was ordered and the recanvass board was directed to present its report to the court on July 6, 2005. The recanvass revealed that candidate Harhai apparently received an additional nine votes in the Westgate Manor Precinct, apparently making him the winner over candidate Gagatko by a margin of two votes. However, on July 5, 2005, counsel for candidate Gagatko presented an Emergency Petition to Dismiss and/or Set Aside the Recanvass Proceeding (Emergency Petition) in which it was alleged that the signatures of the qualified electors were not executed in the presence of a notary, which is a jurisdictional defect that could not be cured. Specifically, the Emergency Petition states, in relevant part, that:

6. ... said Petition to Recanvass included thirteen counts wherein thirty-nine (39) allegedly qualified electors averred that fraud or error occurred, based upon information that they believed was reliable.

7. [The Notary Public's] signature and seal appears on each and every one of the thirty-nine (39) verifications/affidavits signed by the electors within the Petition to Recanvass.

8. However, counsel for candidate Jeffrey Gagatko received confidential information considered to be extremely reliable that said signatures were not executed in the presence of said notary, and that said notary did not witness any of the signatures.

9. The Supreme Court has clearly and unequivocally held that electors must verify a petition to recanvass by means of oath or affirmation *before a notary or similar official.* (emphasis added) [*In re: Contest of the 2003 General Election for the Office of Prothonotary of Washington County, Pennsylvania (Appeal of Matheny)*, 578 Pa. 3, 849 A.2d 230 (2004)].

10. An improper verification is a "jurisdictional defect that cannot be cured." *Id.*

. . .

Thereafter, the trial court then scheduled an evidentiary hearing for July 11, 2005. Appellants did not file an answer or other response to the Emergency Petition. However, in their brief to this Court, Appellants state that: "For purposes of this appeal, since no hearing was held, the facts can be assumed to be as stated in Gagatko's [Emergency Petition.]"

Before the hearing was to begin, the parties informed the trial court that a hearing would not be necessary because they had reached a stipulation that the petition to recanvass was not signed in accordance with the law and that, according to the Supreme Court's decision in the case of *In re: Contest of the 2003 General Election for the Office of Prothonotary of Washington County, Pennsylvania (Appeal of Matheny* ), 578 Pa. 3, 849 A.2d 230 (2004), the recanvass proceeding should be dismissed.[1] Accordingly, by order dated July 11, 2005, the trial court vacated its June 22, 2005 order which provided for a recanvassing of votes. Appellants have appealed that order to this Court. On July 21, 2005, Appellants filed an Application for Reconsideration, which the trial court denied by order dated July 25, 2005. Appellants also filed on August 5, 2005 a Petition to Contest Election Nunc Pro Tunc, which was denied. Appellants have also appealed that order to this Court.[2]

On appeal, Appellants, now represented by attorney Peter M. Suwak, argue that: 1) the trial court erred in determining that it did not have jurisdiction when the recanvassing had already occurred which showed that the results had been improperly recorded and 2) alternatively, the trial court erred in dismissing a petition for election contest, nunc pro tunc, based upon the recent discovery of erroneous election tabulations, when concomitant petition for recanvassing was dismissed for faulty notarization.

The City of Monessen (Appellee) argues that Appellants, although represented by different counsel at the time, are bound by their stipulation that the recanvass proceeding should be dismissed. In the alternative, Appellees argue that, pursuant to the *Matheny* case, the lower court did not have jurisdiction to order the recanvass proceeding. Appellee also argues that the trial court correctly dismissed the Petition for Election Contest Nunc Pro Tunc because, pursuant to the *Matheny* case, it did not have jurisdiction.

In this case, the attorney for Appellants represented to the trial court that the petition to recanvass was not signed in accordance with the law and that the recanvass should be dismissed. Appellants are bound by this stipulation. Appellants cannot at a later time hire new counsel and attempt to have the results of the recanvass accepted. There is no evidence that, at the time of the stipulation, Appellants'

---

1. Specifically, the following occurred at the hearing:

    Ms. Kearns [Appellee's attorney]: Your honor, we do not need to have a hearing this morning.
    The Court: There will be no hearing this morning?
    Ms. Kerns: There will be no hearing.
    The Court: So the parties intend to stipulate?
    Ms. Kerns: Yes, your Honor. The parties intend to stipulate that the petition to recanvass was not signed in accordance with the law and according to the Matheny case, the recanvass should be dismissed.
    . . .
    The Court: . . . You mentioned in the—that there was a possibility that there was some illegality. Is that your position?

    Ms. Kerns: Yes, your honor.
    The Court: Okay My suggestion on that is that that is something that you should discuss with . . . our district attorney.
    . . .
    The Court: . . . Mr. Jones, you represent Mr. Harhai who benefited from the recanvassing and you agree to the stipulation?
    Mr. Jones: Yes, I do, your Honor.
    (N.T. 7/11/2005, pp. 2–4).

2. Our scope of review is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *In re Nomination Petition of Flaherty*, 564 Pa. 671, 770 A.2d 327 (2001).

then attorney did not have authorization to enter into the stipulation. We also find it significant that, in their Application for Reconsideration, Appellants do not argue that attorney Jones did not have authority to enter into the stipulation. Rather, they argue that the *Matheny* case does not deprive the trial court of jurisdiction.

■ Furthermore, this Court does not believe that Appellants are entitled to have their Petition to Contest Election Nunc Pro Tunc granted. In support of their position, Appellants cite the Supreme Court case of *In re Twenty–Sixth Election Dist., Second Ward, Borough of Lehighton,* 351 Pa. 544, 41 A.2d 657 (1945) (the *Koch* case). In *In re Recount of Ballots Cast in General Election on November 6, 1973,* 457 Pa. 279, 325 A.2d 303 (1974), the Supreme Court summarized the *Koch* case as follows:

> the posted return had shown that the candidate who received the majority of the votes cast had been duly elected. Thereafter, the County Board of Elections negligently computed the returns and returned a majority of the votes for the opposing candidate and although recognizing their error failed to correct it. There it was clear that the Board had lulled Koch into a false sense of security and this Court properly observed: '... the only appropriate remedy by which the negligence of the election board could be corrected was by an appeal Nunc Pro Tunc for a recount under Section 1407, 25 P.S. s 3157.' *Koch, supra* at 550, 41 A.2d at 660.

*Id.* at 284–285, 325 A.2d at 307.

Before addressing Appellants' argument, it is important to note the relevant portions of the Election Code. Section 1702 of the Election Code provides that:

> **Recanvassing voting machines upon petition of electors alleging fraud or error**

> (a) Judicial proceedings shall be as follows:

> (1) Except as set forth in clause (2), the court of common pleas, or a judge thereof, of the county in which any election district is located, shall make visible the registering counters of the voting machine or machines used in such election district at any primary or election, and without unlocking the machine against voting, shall recanvass the vote cast therein, if three qualified electors of the election district shall file a petition, *duly verified by them,* alleging that, upon information which they consider reliable, they believe that fraud or error, although not manifest on the general return of votes made therefrom, was committed in the canvassing of the votes cast on such machine or machines. It shall not be necessary for the petitioners to specify in their petition the particular act of fraud or error they believe to have been committed, nor to offer evidence to substantiate the allegations of their petition.

25 P.S. § 3262 (emphasis added). Section 1703 of the Election Code provides that:

> (a) (1) Any petition to open a ballot box or to recanvass the votes on a voting machine or an electronic voting system pursuant to sections 1701 and 1702 shall be filed no later than five (5) days after the completion of the computational canvassing of all returns of the county by the county board. If any error or fraud is found the court shall grant the interested parties an additional five (5) days to file petitions requesting additional ballot boxes to be opened or voting machines or electronic voting systems to be recanvassed.

25 P.S. § 3263.

In *Matheny,* the electors filed a petition to open ballot boxes. Section 1701, like

Section 1702 in this case, provides that the petition must be "duly verified", but does not define this term. This Court held that the petitions were "duly verified" even though they were not signed in the presence of a notary because they were verified by a statement referring to the unsworn falsification to authorities. On appeal, the Supreme Court reversed and stated that:

> Based on this case law as well as the definition for verification in the Statutory Construction Act, we hold that the electors who signed Fisher's nine Petitions to Open were required to verify them by means of an oath or affirmation *before* a notary or other public official. Furthermore, as this Court has made clear that an improper verification is "*a jurisdictional defect that [cannot] be cured,*" ...

*Matheny,* 578 Pa. at 19, 849 A.2d at 240 (emphasis added).

This Court believes that the case currently before this Court is substantially different from the *Koch* case and is more akin to the *Matheny* case. In *Koch,* the *error of the election board* caused the results of the election to be incorrectly reported and, thus, the only way to correct the error was to allow an appeal nunc pro tunc. In this case, there was no deliberate conduct by the election board which caused an error. Rather, the error was only discovered after a Petition to Recanvass was filed by Appellants in which the oaths or affirmations of the electors on the verifications/affidavits were not sworn, subscribed and witnessed before a notary as required by Section 1702 of the Election Code. Appellants also cite *In re Recanvassing of Certain Voting Machines for Election of Republican Candidate for County Commissioner in Nov. 1983 General Election,* 504 Pa. 593, 475 A.2d 1325 (1984), for the authority that the notary

public merely made a technical mistake and that should not thwart the will of the voters since the recanvass has already been completed. If the notary had erred on only one of the petitions, Appellants' argument might merit further consideration. However, when all thirty-nine verifications by the notary bear the same date and it is admitted by Appellants that the verifications were not signed in the presence of a notary, the signers obviously were *not sworn or affirmed under oath which,* by itself, is a fatal defect as well as their failure to *sign* the verification *before a notary.* Further, it is not only ludicrous to argue that the notary made the same mistake thirty-nine times, but it is also ironic that the thirty-nine electors brought this Petition for Recanvass alleging that there was fraud or error in the election but then had their own Petitions presented to the trial court in a matter which justifies Appellees' allegations of a fraud with respect to the Petition For Recanvass. (*See* Appellee's brief, p. 14 "Appellant is acknowledging that the signatures must be notarized, and is asking the Court to overlook the fact the notarization is fraudulent.")

In any event, the repetitious, voluminous failures to have the verifications of the Petition to Recanvass properly notarized is a jurisdictional defect that cannot be cured. *Matheny.* Even if the parties had not stipulated that the Petition to Recanvass should be dismissed, the trial court would be without jurisdiction in this case. Thus, it would not be proper to allow an appeal nunc pro tunc.

Accordingly, the order of the trial court vacating its prior order which provided for a recanvassing of votes and the order denying the Petition to Contest Election Nunc Pro Tunc are hereby affirmed.

## ORDER

AND NOW, September 30, 2005, the orders of the trial court in the above captioned matters vacating its prior order which provided for a recanvassing of votes and the order denying the Petition to Contest Election Nunc Pro Tunc are hereby affirmed.